FILED
IN CLERKS OFFICE
2020 JUL 27 PM 4:15
U.S. DISTRICT COURT
DISTRICT OF MASS.

In The United States District Court
District of Massachusetts
Boston

Joanna M Snyder
    Plaintiff             CV#

Vs

Wellpath LLC ET AL
Dr. Goffur - Physician      Taylor Mockellon - D.O.T.
Geor Muturi - Medical Staff      Kyle Pelliter - D.O.R.
David Roberov - Physicians Asst
John Dron - Deputy of Operations
Jason Gogoli - Special Investigator
Jane Doe
John Doe
Kristie Ladouceur - Superintendent

## Jurisdiction & Venue

1) This action is authorized by 42 USC § 1983, 1985 III, to redress deprivation under the color of state law, rights secured by the Constitution of the United States. The court has jurisdiction under 28 USC sections 1331, 1343(a)(3) Plaintiff seeks declatory relief pursuant to 28 USC section 2201, 2202. Plaintiffs claim for injunctive relief are authorized by USC section 2283, 2284, and Rule 65 of the Federal Rules of Civil Pro.

2) The United States District Court Boston, Massachusetts is an

(1)

appropriate venue under 28 USC Sections 1391 (b)(2) because it is where the events giving rise to this claim occurred.

3) Plaintiff, Joanna M Snyder, (Snyder) is and was at all times mentioned herein a prisoner of the State of Massachusetts in the Custody of the Dept. of Corrections, Framingham, Framingham Mass.

4) Defendant- Dr. Goffin- is the Physician at MCI-Framingham. She is legally responsible for the health and welfare of all the Inmates at this prison.

5) Grace Muturi- Medical Staff- She is the H.S.A. Health Services Administrator. She is responsible for the health and welfare of the Inmates in this prison.

6) Dona Roberra- Physicians Assistant- She is a P.A. and is responsible for the health and welfare of the Inmates in this prison

7) John Doon- Deputy of Operations- He is the Deputy of Operations and he is responsible for the safety of all the Inmates in this prison.

8) Jasim Gogoli - Special Investigator- He is the Special Investigator to the Superintendent. He is legally responsible for the safety and well being of the Inmates at this prison

(2)

Kyle Pelletier

9) ~~Jane Doe~~ - ~~Officer~~ - Director of Reentry -

10) John Doe - Officer

11) Kristi Ladouceur - Superintendent of Snyder. She is legally responsible for the welfare of all the Inmates at this prison

12) Taylor Macklan - Director of Treatment She is Director of Treatment She is legally responsible for the Inmates at this prison

Each Defendant is being sued in their individual and ~~official~~ capacity. All times mentioned in this complaint each defendant acted under the color of state law.

## Facts

1) This is a continuation of a previously filed civil rights violation action in 1:20 CV 10226 RGS.

2) The Plaintiff, has still tried to receive medical care by virtue of MGL c 112, Code of Mass Regulations and the many amendments of the U.S.C. (due process + equal protection)

3) On May 2, 2020 Snyder wrote Taylor Macklen about Religion, Diet (Gluten Free due to Medical + Religious) Law library use, (Exhibit I)

4) On May 4, 2020, Snyder did a "Reasonable Accommodation" (Exhibit II)

(3)

request under The ADA, for "Diet"

5) On May 8, 2020, Snyder wrote Ladouceur with respect to medical concerns, Finances, Covid 19, and how each Actor Gaffur, Roberov, Ladouceur, Maturi, act in concert to violate Rights due process, equal protection, under the law guaranteed. (EXHIBIT III)

6) On May 11, 2020 Snyder wrote Mocklellan, about her refusal to offer diet for religion, adequate medical care, violating her 1st Amendment Right to practice her religion, & to be equally protected under the law for her "diet" + religious practice, RLUIPA, violation ADA, MGL c 112 (Exhibit IV)

7) On May 12, 2020 Snyder filed an appeal to the ADA to see Rheumatologist, get Gluten Free diet, and receive proper medical care under MGL c 112.    EXHIBIT V

8) On June 1, 2020, Snyder received an order from Kyle Pellitier, to be Assessed by 7/1/20 for footwear, and Rheumatology. EXHIBIT VI

9) On June 12, 2020 Snyder wrote Ladouceur to be removed from Substance Abuse Monitoring + have 144° Refunded for her having 2 motrin in her Bra. A violation of 103 CMR 405 Inmate funds      EXHIBIT VII

10) On June 5, 2020 received a letter from Roberov indicating next step for failed mgmt. 
   EXHIBIT VIII

(4)

11) On June 15, 2020 Snyder received another ruling on ADA request for medical mattress.   Exhibit IX

12) On 6/15/20 Snyder Grieved Medical to see a vein specialist for Varicose Veins   EXHIBIT X

13) On 6/23/20 Snyder did request ADA for pain, swelling, & consult for varicose vein, and Orthopedic Shoes for pain.   EXHIBIT XI

14) On 6/24/20 Snyder did an ADA appeal to have facility order Orthopedic Shoes, (Still denied) To be assessed by 7/1/20.   EXHIBIT XII

15) On 6/1/20 Snyder received modified decision for Footwear, and Rheumatologist T.B.A by 7-1-20   EXHIBIT XIII

16) On 6/23/20 Snyder received denial of grievance for Access to the Courts.   EXHIBIT IVX

17) On 6/23/20 Snyder received denial of Access to Law library.   EXHIBIT VX

18) On 6/24/20 Snyder wrote ADA letter to see if they received appeals for ADA requests.   Exhibit XVI

19) On 6/15/20 Snyder got partial approval for varicose vein   EXHIBIT XVII

(5)

Specialist.

20) On 6/30/20 Snyder got approved grievance for medical personnell not wearing their ID badges in violation of Federal Law.     Exhibit XVIII

21) On 6/30/20 Snyder received denial of grievance for Donna Rohrsov being incompetent + deliborately indifferent to serious medical Issue    Exhibit IXX

22) On 7/1/20 Snyder received denial of ~~removed~~ being removed from the Substance Abuse Monitring list.     Exhibit XV

23) On 7/1/20 Snyder did informal for law library.     Exhibit XXI

24) On July 3, 2020 Snyder received letter from advocasy from lawyer.     Exhibit XXII

25) On July 7, 2020 Snyder received Request for ADA reasonable accommodation —     Exhibit XXIII

26) On 7/7/20 Snyder received denial of medical grievance for medical matters     Exhibit IVXX

27) On 7/7/20 Snyder received denial of grievance for denial of ADA Requests     Exhibit XXV

(6)

28) On 7/14/20 Snyder wrote appeal letter to ADA in Mitford                    Exhibit XXVI

29) On 7/9/20 Snyder received denial of Grievance of ADA requests Goffer + Rabanov        Exhibit XXVII

30) On 7/14/20 Snyder received letter from MacLellan directly interfering with Access to the courts   Exhibit XXVIII

31) Appeal of varicose vein                     Exhibit IXL

Prayer for Relief

31) Wherefore, Plaintiff respectfully prays that the court enter judgment granting Plaintiff

32) A declaration the acts and omissions described herein violated the Plaintiff's rights under the USC, paragraphs 1 thru 30 (starting page 3) The Americans with Disabilities Act, Code of Mass Regulations, Mass Civil Rights Act, Civil Rights Act.

33) A preliminary and permanent injunction and a T.R.O ordering all defendants to cease and desist from aggression, failure to provide adequate medical care, RLUIPA violations, and due process and Equal protection rights

(7)

34) Compensatory damages in the amount of $350.00 against each defendant jointly + severally.

35) Punitive damages as the court sees fit.

36) A trial on all issues triable by jury

37) Plaintiffs cost in this suit

38) Any additional relief this court deems just, proper, and equitable.

Respectfully Submitted,

Joanna M Snyder F81832

### Verification

I have read the forgoing complaint and hereby verify that the matters alleged herein are true, as I believe them to be true. I certify under the penalties of perjury executed this 19 day of July 2020, Executed at MCI-F

Sent To: Wellpath llC
14 Chestnut St #200
Foxborough ma 02032

(8)

## Memorandum of Points & Authorities

The supreme court has stated that "Deliberate Indifference" to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain... proscribed by the 8th Amendment of the U.S.C.

To show an 8th Amendment claim, the deliberate indifferent standard requires the Plaintiff to show that the defendants had actual knowledge of an objectively plain condition. In the present case, Snyder's varicose veins are protruding from her left leg, (calf + femur), scars from having had surgery on her feet are present, and the defendants have not responded reasonably to the potential risks. Farmer v. Brennan 511 US 825. The Plaintiff's condition is physically visible to the naked eye. Snyder asserts knowledge of the risks she faces w/out surgical intervention of the vein, and undergoes constant pain fr inappropriate footwear. The inactions and denials of the defendant to offer any relief constitutes deliberate indifference. The defendants will not allow Snyder to go to any other hospital except the Prison hospital, the Shattuck, and Snyder does not trust the Shattuck with her life. "Inmates not receiving adequate medical care..." http bostin.cbslocal.com 2020/01/11/massachusetts-inmates-not-receiving-health-care-in-a-timely-manner (audit-prisons) Please refer to letter from Paul Stewart Esq. page 3 footnotes, 5, 6, 7.

Wellpath and its employees clearly know that

(9)

Snyder is at risk and fail to act. Wellpath states that their contract is with Shattuck Hospital, so in trying to make Snyder go to the epi-center of Covid-19, is threatening to her health + wellbeing. Snyder has refused to go to Shattuck, but is not otherwise refusing competent medical treatment.

Wellpath has a hostile attitude towards Snyder. Greeno V. Daley 414 F3d 645, is equal to Snyders claims of hostility. On March 6, 2020, Snyder was lugged to "CCU" by her Provider Dana Roberov. After a visit with Roberov on this date, she wrote an IIR report stating that she felt "threatened" by Snyder because Snyder was writing down word for word Roberov's statements to properly quote Roberov. At 9:03 pm, 6 hours after her P.A visit, Snyder was retaliated against and lugged to "Eye bed" for 12 hours, then placed in CCU for 4 days. The charges were dismissed, proving retaliation.

Wellpath states their contract is with the Shattuck. In Jones V Johnson 781 F2d 769, allegations of denial for budgetary reasons can state a deliberate indifference claim. This is a direct, exact, circumstance. In Estelle v Gamble 429 US 97, intentional interference with treatment once prescribed is deliberate Indifference. Snyder has already begun the vein surgery that was in fact prescribed at the AZ Vein Institute. Because Wellpath will not get her medical Records, they leave her at risk with this painful, extended varicose vein. In Johnson V Lockhart 941 F2d 705, a 10 month delay in surgery constituted deliberate indifference. In this case, Snyder has been trying to get her vein

(10)

operated on for (7) months. For all the denied grievances that Wellpath & the Department have continued to assert, Snyder states a deliberate Indifference claim, violating her 8th Amendment Rights as guaranteed by the USC.

### Due Process / Equal Protection

Snyder faces a violation of due process of the law as guaranteed under the 14th Amendment of the USC

In access to the courts, there are (3) kinds of court access claims. 1) Right to assistance 2) Interference 3) Retaliation.

In as much as this is filed to ask for an immediate injunction MacLellan, Lodavicem, Pelletier actively deny & interfere with my right to access to the courts. Since you do not have a legal right to assistance of counsel for a civil claim, Having access to Laws, Regulations Policies, and research must be afforded. Even though we are in the middle of a Pandemic, my sentence has not been shortened, nor the court stopped. Because Snyder is afforded 1 hour increments, three days a week, It does not allow her to effectively research & prepare her case. In Lewis V Casey 518 US 343, because MCI-F has kept the law library It needs to assure ample time for a layman to research their case. Once a case has passed §1915, and is not dismissed as frivolous, the officials need to have ample access. MacLellan, Lodaviem & Pelletier in their constant denials of access to the library violate Lewis.

Snyder also requires the same protection that transgenders get for medical treatment. Snyder states that she is being denied substantive due process. Conduct that shocks the conscious

(11)

asks two questions 1) does a liberty exist that has been interfered by the state, 2) whether the procedures attendant upon that deprivation were constitutionally sufficient. In Leamer V Fauver 288 F3d 532, holds the shock the conscience standard applies to challenges to executive action. All the executives in either the DOC or WillPath in denying outside Dr. Appt, shock the conscious as Varicose Veins can cause death. To deny a patient of adequate medical care to save a dollar is unconscionable.

In short, Every department within the department decompartmentalizes their jobs. Continually shirking their obligations and blaming another. This is how this system is broken.

Snyder has suffered multiple violations with respect to her health. The stubbornness of her provider to advocate for an appt within adequate competent care, Roherov, Goffin, Mutari, Deon, Lodouceur, Pelliter, + MacLellan continue to shuffle their responsibilities as to fluster Snyder and not equally protect her, or allow her care.

The needs are serious. The proof is within the external doctors & reports. Their continual denial of adequate medical care is a constitutional violation of equal protection, due process, competent medical care, cruel & unusual punishment.

Snyder asks for an immediate Injunction so that she does not suffer loss of life due to a blood clot that could end her life.

Snyder requests the court issue an immediate